# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                                                      No. CV 08-172 MCA/WPL

**JACK D. THRASHER; ESTATE OF DIANE L. THRASHER; CITIMORTGAGE, INC. (dba CITICORP MORTGAGE); THE PRUDENTIAL HOME MORTGAGE COMPANY, INC.; SAM #2 TRUST; JAMES DANA ROEHRIG (as co-trustee of SAM #2 TRUST); and SHIRLEY JOAN MEYER (as cotrustee of SAM #2 TRUST)**,

Defendants,

and

**CITIMORTGAGE, INC.**,

    Plaintiff,

vs.                                                                                      No. CIV 08-648 LFG/RHS

**JACK D. THRASHER; DIANE L. THRASHER, if living, or THE ESTATE OF DIANE L. THRASHER, if deceased; SHIRLEY JOAN MEYER, as co-trustee of the SAM #2 Trust; JAMES DANA ROEHRIG, as co-trustee of the SAM #2 Trust; KATHLEEN COTTON; UNITED STATES OF AMERICA (IRS); JOHN DOE and JANE DOE (True Names Unknown), Tenants,**

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Jack D. Thrasher's *Motion to Remand Case to State Jurisdiction*, filed October 22, 2008 (Doc. 31), and on his *Amended Motion to Dismiss*, filed November 17, 2008 (Doc. 35).  The Court, having considered the record, the parties' briefs and the relevant law, and otherwise being fully advised in the premises, concludes that the motions should be DENIED.

**I.   BACKGROUND**

On February 14, 2008, the United States of America brought an action under 26 U.S.C. § 7401 to: "(1) reduce to judgment federal income tax assessments against Defendants Jack D. Thrasher, and the Estate of Diane L. Thrasher; (2) foreclose federal tax liens on real property located in Lincoln County, New Mexico; (3) obtain a sale of such property; and (4) obtain a judgment for any amount remaining unpaid after the distribution and application of the proceeds when the subject property is sold." Case No. 08cv172 MCA/WPL, Doc. 1 at 1. The Complaint named CitiMortgage, Inc., which held the mortgage on the Lincoln County property, as a Defendant.  *See id.*

CitiMortgage, Inc. subsequently filed a Complaint in the Twelfth Judicial District Court, Lincoln County, New Mexico, on June 6, 2008, to foreclose upon and ultimately to sell the same Lincoln County property and to obtain a judgment against Thrasher and the Estate of Diane L. Thrasher.  *See* Case No. 08cv680, Doc. 1, Ex. 1.  The Complaint named the United States as a defendant, noting the United States' federal income tax liens that had been filed in the real-property records, and it alleged that CitiMortgage's mortgage lien "is prior and paramount to" the United States' liens. *Id.* at 9.  The United States removed the state proceeding to federal court on July 11, 2008. On CitiMortgage's motion, which was joined by the United States and concurred in by

Defendant Shirley Meyer, this Court consolidated the two cases on October 3, 2008. *See* Case No. 08cv172 MCA/WPL, Doc. 30. Thrasher did not challenge consolidation, nor did he move to remand the case to state court until October 22, 2008.

## II.     ANALYSIS

### A. The motion to remand is without merit.

Under 28 U.S.C. § 1447(c), motions to remand for any defect other than subject-matter jurisdiction must be filed within 30 days after the notice of removal is filed. Thrasher filed his motion to remand case number 08cv680 to state court over 100 days after the United State filed its notice of removal. The United States contends that this Court has original subject-matter jurisdiction over the state Complaint and that the motion to remand must be denied as untimely. *See* Doc. 32 at 1. Thrasher contends, however, that the case should be remanded to state court for lack of subject-matter jurisdiction because the state court has "original jurisdiction" under the New Mexico Constitution over rights to real property and the United States cannot "circumvent" that jurisdiction by removal. *See* Doc. 31 at 2-3. His motion challenges this Court's subject-matter jurisdiction, and therefore is not untimely. His motion must be denied on the merits, however, because this Court has subject-matter jurisdiction over the removed case.

The United States statutorily may be named as a party to any civil action brought *either* in federal or state court to foreclose a mortgage on real property "on which the United States has or claims a . . . lien." 28 U.S.C. § 2410. Under 28 U.S.C. § 1444, the United States is expressly given authority to remove a suit to federal court in which the United States is named as a defendant in an action brought under § 2410. Here, CitiMortgage named the United States as defendant to the state-court suit so that it could obtain a judgment against the United States holding that its lien is

3

paramount to the United States' tax liens. This Court therefore has subject-matter jurisdiction over this matter and will deny the motion to remand.

Thrasher states that he is challenging "the [United States'] procedure and authority . . . to take property pursuant to a 'Notice of Federal Tax Lien' instead of obtaining a Warrant of Distraint issued by a Court of competent jurisdiction evidencing that [Thrasher] is a judgment debtor . . . ," which he contends is a state-law and not a federal question. Doc. 31 at 3. The question of the validity of a federal tax lien is a federal question, however, over which the federal courts have original jurisdiction. *See* 28 U.S.C. § 1346(a)(1).

### B. The motion to dismiss is without merit.

Thrasher's motion to dismiss is based on the same legal arguments he made in his motion to remand. He contends that this Court does not have jurisdiction over CitiMortgage's suit because the United States failed to show that its tax lien "was properly secured in a New Mexico state court as required by law and that said lien is based on a properly done assessment as required by Title 26 U.S.C." Doc. 35 at 2. He also contends that the IRS is an "indispensable party"and that because he does not contest his tax liability or the United States' authority to tax, there is no federal question at issue and the United States has failed to state a claim. *Id.* at 8-10.

The United States has stated a claim for enforcement of its tax liens under 26 U.S.C. § 7403. This Court has jurisdiction over that action pursuant to 26 U.S.C. § 7402 and under 28 U.S.C. §§ 1340 and 1345 because this action arises under federal tax law, and the United States is the plaintiff.

Finally, the IRS is not an "indispensable party" to this suit. The United States is the proper party to bring suit under § 7402 because it, and not the IRS, owns the tax liens. In an action to enforce a tax lien "all persons having liens upon or claiming any interest in the property involved

4

in such action shall be made parties thereto." 26 U.S.C. § 7403(b). Because the IRS is only a federal agency that administers the tax laws, it does not claim an interest in the Lincoln county property and is not an indispensable party.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's *Motion to Remand* [Doc. 31] and his *Motion to Dismiss* (Doc. 35) are DENIED.

**SO ORDERED** this 27th day of July, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge