# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                                                                       No. CV 08-172 MCA/WPL

**JACK D. THRASHER; ESTATE OF DIANE L. THRASHER; CITIMORTGAGE, INC. (dba CITICORP MORTGAGE); THE PRUDENTIAL HOME MORTGAGE COMPANY, INC.; SAM #2 TRUST; JAMES DANA ROEHRIG (as co-trustee of SAM #2 TRUST); and SHIRLEY JOAN MEYER (as cotrustee of SAM #2 TRUST)**,

Defendants,

                                                                                                      **consolidated with**

**CITIMORTGAGE, INC.**,

Plaintiff,

vs.                                                                                                       No. CIV 08-648 LFG/RHS

**JACK D. THRASHER; DIANE L. THRASHER, if living, or THE ESTATE OF DIANE L. THRASHER, if deceased; SHIRLEY JOAN MEYER, as co-trustee of the SAM #2 Trust; JAMES DANA ROEHRIG, as co-trustee of the SAM #2 Trust; KATHLEEN COTTON; UNITED STATES OF AMERICA (IRS); JOHN DOE and JANE DOE (True Names Unknown), Tenants,**

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (1) the *United States' Cross Motion for Default and Summary Judgment*, filed December 5, 2008 [Doc. 41][1]; (2) *CitiMortgage's Motion for Summary Judgment on its Foreclosure Complaint*, filed February 24, 2009 [Doc. 46]; and (3) *CitiMortgage's Motion for Default Judgment Against Certain "Non-USA Defendants*," filed March 10, 2009 [Doc. 47].

**I.  PROCEDURAL BACKGROUND**

The United States brought an action under 26 U.S.C. § 7401 to: "(1) reduce to judgment federal income tax assessments against Defendants Jack D. Thrasher, and the Estate of Diane L. Thrasher; (2) foreclose federal tax liens on real property located in Lincoln County, New Mexico; (3) obtain a sale of such property; and (4) obtain a judgment for any amount remaining unpaid after the distribution and application of the proceeds when the subject property is sold." Case No. 08cv172 MCA/WPL, Doc. 1 at 1. The Complaint named CitiMortgage, Inc., which now holds the mortgage on the Lincoln-County property (hereinafter "the Alto property") by assignment, as a defendant.  *See id.*

---

[1] Although the Clerk of the Court issued a notice of deficiency requiring the United States to file its response to Thrasher's motion to dismiss and its motion for summary judgment as two separate documents pursuant to Administrative Order 92-88 (requiring parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought"), the United States again inappropriately filed a document combining its motion for summary judgment against Thrasher with a motion for default judgment against the four other Defendants – Roehrig, Meyer, the Sam #2 Trust, and the Estate of Diane L. Thrasher.  Because these four parties had not filed a motion seeking relief in this case, the United States could not have a "cross motion" against them.  Counsel for the United States is reminded of his duty to follow all rules of procedure, and is warned that continued failure to do so may result in the striking of motions and other documents that are not in compliance with the rules.

CitiMortgage, Inc. subsequently filed a Complaint in the Twelfth Judicial District Court, Lincoln County, New Mexico to obtain a judgment of foreclosure against Thrasher and the Estate of Diane L. Thrasher. *See* Case No. 08cv648, Doc. 1, Ex. 1. The Complaint named the United States as a defendant, noting the United States' federal income tax liens that had been filed in the real-property records, and it alleged that CitiMortgage's mortgage lien "is prior and paramount to" the United States' liens. *Id.* at 9. The United States properly removed the state proceeding to federal court. The Court consolidated the two cases. *See* Case No. 08cv172 MCA/WPL, Doc. 30.

Defendants James Dana Roehrig, Shirley Joan Meyer, the Sam # 2 Trust, and the Estate of Diane L. Thrasher have been served but have not answered the United States' or CitiMortgage's Complaints, and none of these Defendants have responded to the motions for default judgment against them, although Defendant Jack D. Thrasher was served with the motions and presumably would notify those individuals or entities with whom he is so closely connected. Thrasher has also been served with the Complaints, and he filed a motion to dismiss one and a motion for remand regarding the other that were denied, *see* Doc. 72, but he still has not answered either of the Complaints. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure required Thrasher to serve an answer "within 20 days of being served with the summons and complaint," but because he filed a Rule 12 motion to dismiss, he had 10 days after denial of the motion to file a responsive pleading. *See* FED. R. CIV. P. 12(a)(4)(A). More than ten days has passed since the Court's denial of Thrasher's motion to dismiss.

Because Thrasher proceeds pro se, the Court "review[s] his pleadings and filings liberally." *Lewis v. C.I.R.*, 523 F.3d 1272, 1273 n. 1 (10th Cir. 2008). But he must still "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)

3

(internal quotation marks omitted).  The Court construes Thrasher's *Objection to Proceedings for Failure of Ratification of Commencement Under FRCP Rule 17*, filed March 20, 2009 [Doc. 48], and his *Second Objection to Proceedings for Failure of Ratification of Commencement Under FRCP Rule 17*, filed April 9, 2009 [Doc. 60], as untimely responses to the United States' and CitiMortgage's motions for summary judgment[2].

## II.  APPLICABLE LEGAL STANDARDS.

### A.  Summary judgment.

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56© (2008 Rev. Ed.);

---

[2] The Court notes that Thrasher strangely has begun hyphenating and using a colon in his name in his most recently filed documents. *See* Doc. 48 at 6; Doc. 60 at 8 (using the new punctuation format throughout and signed "Jack-Dwayne: Thrasher"); *cf.* Doc. 31 at 7; Doc. 35 at 11 (signed as "Jack Dwayne Thrasher").  One court has noted that "[t]he use of a hyphen or colon (the punctuation mark) in names is typical of tax-protester and militia groups." *Audio Inv. v. Robertson*, 203 F. Supp. 2d 555, 565 n.2 (D.S.C. 2002), *aff'd*, 67 Fed. Appx. 795 (4th Cir. 2003). In *United States v. Bradley*, 2001 WL 997428, *1 (6th Cir. 2001), the Court rejected as "frivolous tax-protestor arguments" the "name game" argument that "'Edgar-Francis: Bradley' is a natural born man of the State of Ohio, while 'Edgar F. Bradley' is merely a corporate fiction." Similarly, the United States District Court for the Northern District of Florida found as a "legally frivolous claim" the tax protester's claim that "Affiant has not evidence or records that Charles-David: family of Saunders a free-born living man is one TAXPAYER, a legal fiction and believes no proof exist." *United States v. Saunders*, No. 5:06mc3-RS, 2006 WL 2425515, *5 (N.D. Fla. Aug.18, 2006). As the federal district court for the District of Utah has noted, "[s]uch 'name game' arguments have been found to be patently meritless, frivolous, and rejected by other courts.  In fact, given the large number of courts throughout the nation that have already rejected arguments like those made by Defendants, it is somewhat puzzling to this court why Defendants would persist in offering such absurdities as support for their position." *Am. Silver LLC v. Emanuel Covenant Communities*, No. 06CV843/DAK, 2007 WL 1468600, *3 (D. Utah May 17, 2007). Whatever hidden personal meaning this punctuation may have for Thrasher, the Court deems Jack Thrasher, Jack D. Thrasher, Jack Dwayne Thrasher, and Jack-Dwayne: Thrasher to be the same person for all legal purposes in this suit.

*see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Once the moving party makes a proper summary-judgment challenge, the "opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  FED. R. CIV. P. 56(e)(2); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "At the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (internal quotation marks omitted).

### B.  Default judgment.

Under FED. R. CIV. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  The Court may enter a default judgment on all of the issues against the party that has failed to appear or defend, or it may hold hearings or further proceedings to "determine the amount of damages."  FED. R. CIV. P. 55(b)(2)(B).  A district court may properly enter a default judgment on the federal "government's foreclosure and tax assessment claims" when the defendant has not answered the government's complaint.  *See United States v. Rice*, No. 08-8029, 295 Fed. Appx. 898, 902, 2008 WL 4471366, **2 (10th Cir. Oct. 6, 2008).

When a defendant "fail[s] to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admit[s] those allegations, thus placing no further burden upon Plaintiff to prove its case factually." *Burlington N.R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); *see* FED. R. CIV. P. 8(b)(6) ("An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied.").

**III. UNDISPUTED FACTS.**

The following facts are undisputed. Defendants Jack and Diane Thrasher purchased the Alto property in 1993 by taking a mortgage on it and signing a promissory note. *See* Doc. 46, Exs. A & D. The Thrashers stopped submitting valid income tax returns and stopped paying federal income taxes in 1995. That same year, the Thrashers filed documents in the Lincoln County real-property records purporting to transfer the Alto property to the Sam #2 Trust. *See* Doc. 41, Ex. 4. The Sam #2 Trust subsequently transferred the Alto property to Roehrig and Meyer, who were named as Trustees of the Sam #2 Trust. *See id.*, Ex. 1. But the Thrashers did not inform CitiMortgage's predecessor of the alleged transfer, and they continued dealing with the mortgage company as though they were still the legal owners. *See* Doc. 46, Ex. C; Doc. 41, Ex. 7.

Roehrig testified at his sworn deposition that, by creating the Sam #2 Trust, Thrasher sought to "remove[] his physical monetary property . . . from an open-type situation . . . in regards to the IRS" and to avoid "problems with IRS" and "just didn't want to pay taxes," because he "didn't feel that . . . the tax codes were constitutional." Doc. 41, Ex. 18 at 15-17. Roehrig admitted that he never did anything as Trustee of the Sam #2 Trust; that Thrasher told him that the trustees had "no duties;" and he swore that the transfer of the Alto Property to the Sam # 2 Trustees involved only signing a document that Thrasher prepared. *See id.* at 4, 19-20, 22-23, 31-33. Meyer submitted a letter to CitiMortgage on July 4, 2008, stating that she claims no interest in the Alto Property and requesting that she be "released from this old obligation, which [she] didn't understand in the first place." Doc. 41, Ex. 19.

The United States prepared estimated returns and issued federal tax assessments regarding the Thrashers in 1995 and thereafter. In 1998, the United States began filing notices of its federal tax liens against the Thrashers, the Sam #2 Trust, the Trustees, and Diane Thrasher's estate in the

6

Lincoln County property records. *See* Doc. 41, Exs. 5, 12-17. Jack Thrasher states that he "does not now dispute any underlying tax liability." Doc. 31 at 3. Diane Thrasher passed away in 2005, and Jack Thrasher stopped making the mortgage payments on the Alto property in February 2008. *See* Doc. 46, Ex. F.

## IV. ANALYSIS

**1.  The United States and CitiMortgage are entitled to a judgment of default against Roehrig, Meyer, the Sam #2 Trust, and the Estate of Diane L. Thrasher.**

The grounds for a default judgment against Roehrig, Meyer, the Sam #2 Trust, and the Estate of Diane L. Thrasher are clearly established. Despite having been properly served, none of the Defendants have answered the Complaint. None of the Defendants is an infant or incompetent person or serve in the military of the United States. Moreover, the substantive material issues of fact alleged in the two Complaints are not at issue. Based on the Defendants' failure to answer the Complaints, the admitted allegations in the Complaints, and the unchallenged summary-judgment evidence, the Court concludes that default judgment should be entered against Roehrig, Meyer, the Sam #2 Trust, and the Estate of Diane L. Thrasher.

**2. The United States and CitiMortgage are entitled to summary judgment against Jack D. Thrasher.**

Jack Thrasher has failed to challenge or rebut any of the facts presented by the United States and CitiMortgage in their motions for summary judgment, and instead asserts only frivolous arguments that have been rejected[3]. He presents no viable defense to any of the government's or the bank's foreclosure claims. For example, he argues that CitiMortgage's motion must be denied

---

[3] The Court previously has rejected Thrasher's arguments that the Court lacks subject-matter jurisdiction over this matter and that the IRS is an indispensable party because it allegedly is the real party in interest. *See* Doc. 62 at 3-5.

because it did not attach the "wet ink signature" original note to its Complaint and thereby allegedly failed to show it has standing to prosecute this action. But CitiMortgage attached a true and correct copy of the note and mortgage to Ms. Wood's affidavit supporting its motion for summary judgment pursuant to the "business records" exception to the hearsay rule, and it was not required to present the original note. *See* FED. R. CIV. P. 803; *Argo*, 452 F.3d at 1199. And although Thrasher argues that the United States is not entitled to summary judgment because it has not produced "the assessment," Doc. 60 at 2, the United States attached copies of its Form 4340 certificates of assessments to the summary-judgment record. "[P]roduction of a Form 4340 creates a presumption that a Summary Record of Assessment . . . was validly executed and certified" and constitutes "presumptive proof of a valid assessment." *March v. I.R.S.*, 335 F.3d 1186, 1188-89 (10th Cir. 2003) (internal quotation marks omitted)). Thrasher's argument that the United States Attorney and his assistant attorneys cannot prosecute this case on behalf of the United States without providing the Court with a copy of a contract "showing authority to bring this case," *id.*, is frivolous.

The Court makes the following findings:

1. The Thrashers have accrued over $1 million in delinquent federal income taxes, penalties, and interest since 1994, which have been properly assessed.

2. The Thrashers have defaulted on their note and mortgage to CitiBank and Jack Thrasher and the Estate of Diane Thrasher are jointly and severally liable for $182,725.70 in principal, $15,572.39 in interest, $1,205.68 in late charges, $117.00 in property inspection fees, $84.00 in appraisal fees, $9.00 for a release service fee, and $7,651.29 representing a partial amount of CitiMortgage's attorney fees and costs expended on the foreclosure action, and $3,016.15 in an escrow advanced balance.

3. The United States has properly filed notices of its federal tax liens against all Defendants in the Lincoln County property records regarding the Alto Property, which has the following legal description:

> Lot T18D of Deer Park Woods Subdivision of Unit 3, Lincoln County, New Mexico as shown by the plat thereof filed in the office of the County Clerk and Ex-Officio Recorder of Lincoln County, New Mexico, October 28, 1977, in tube 599.

4. The Sam #2 Trust did not pay valuable consideration for the Alto Property.

5. Roehrig and Meyer, the named Trustees of the Sam #2 Trust, conducted no meetings or activities, exercised no control over the Alto property, and never intended to act as Trustees.

6. The Thrashers created the Sam #2 Trust solely to attempt to protect their assets from the IRS against their anticipated tax liabilities.

7. The Thrashers had a close relationship to the Sam #2 Trust because they had it created for their benefit; they retained possession of its only asset - the Alto Property; and they personally continued to enjoy its benefits, to maintain the property, and to pay the mortgage for a long period of time after the alleged transfer.

The Court makes the following legal conclusions:

1. Defendant Jack Dwayne Thrasher (and/or Jack-Dwayne: Thrasher) is indebted to the United States for unpaid assessed balances of federal taxes in the amount of $385,482.39 for the periods ending December 31, 1994, through and including December 31, 2000, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961©, which together totals $653,108.93 as of July 2, 2007, and the United States is entitled to a judgment for that amount.

2. Defendant the Estate of Diane L. Thrasher is indebted to the United States for unpaid assessed balances of federal taxes in the amount of $256,271.62 for the periods ending December 31, 1994, through and including December 31, 2000, plus interest and statutory additions accruing after the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961©, which together totals $384,866.15 as of June 18, 2007, and the United States is entitled to a judgment for that amount.

3. The United States has valid and subsisting tax liens on all property and rights to property of Defendant Jack Dwayne Thrasher (and/or Jack-Dwayne: Thrasher) and the Estate of Diane L. Thrasher, including the Alto property, arising from the above-described assessments, which tax liens are effective as of the dates of those assessments.

4. 26 U.S.C. § 7403 entitles the United States to enforce its liens against the Alto Property by selling the Alto Property in order to apply the net proceeds remaining, after proper payment of taxes and liens with higher priority, towards the federal tax liabilities of the Thrashers, and the United States is entitled to obtain a deficiency judgment for amounts still owing after the sale of the Alto Property.

5. CitiMortgage is entitled to foreclose its mortgage on the Alto Property against Jack D. Thrasher and the Estate of Diane L. Thrasher and to recover all amounts owed under the note and mortgage, including interest and attorney fees, with CitiMortgage being entitled to a total initial monetary judgment against the Thrashers in the amount of $210,381.21.

6. The Sam #2 Trust is a sham trust and legal fiction, and Jack Dwayne Thrasher (and/or Jack-Dwayne: Thrasher) and the Estate of Diane Thrasher are the nominees and legal owners of the Alto property.

7. The Warranty Deeds purporting to transfer the Alto Property to the Sam #2 Trust and/or to Roehrig and Meyer as Trustees of the Sam #2 Trust are void and of no legal effect.

**NOW, THEREFORE, IT IS ORDERED** that the *United States' Cross Motion for Default and Summary Judgment*, [Doc. 41] is GRANTED; that *CitiMortgage, Inc's Motion for Summary Judgment on its Foreclosure Complaint*, [Doc. 46] is GRANTED; and CitiMortgage Inc.'s *Motion for Default Judgment Against Certain "Non-USA Defendants*," [Doc. 47] is GRANTED;

**IT IS FURTHER ORDERED** that default judgment is entered in favor of the United States and CitiMortgage against Defendants James Dana Roehrig, Shirley Joan Meyer, the Sam #2 Trust, and the Estate of Diane L. Thrasher.

**SO ORDERED** this 26th day of August, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge

10